MICHAEL G. KING (SBN 145477)
mking@hgla.com
JANICE M. KROLL (SBN 189975)
jmkroll@hgla.com
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Tel: (310) 305-2100; Fax: (310) 305-2116

Brett E. Lewis, *Pro Hac Vice* (Pending)
Brett@LewisHand.com
LEWIS & HAND, LLP
45 Main Street, Suite 818
Brooklyn, NY 11201
Tel: (718) 243-9325; Fax: (718) 243-9326

Attorneys for Defendants
NAVIGATION CATALYST SYSTEMS, INC., and
BASIC FUSION, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>NAVIGATION CATALYST SYSTEMS, INC.; and BASIC FUSION, INC.,<br><br>Defendants. | Case No. CV08-02463 ABC (Ex)<br><br>Assigned to Judge Audrey B. Collins<br>Magistrate Judge Charles Eick<br>Courtroom 680<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANTS NAVIGATION CATALYST SYSTEMS, INC. AND BASIC FUSION, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendants Navigation Catalyst Systems, Inc. ("Navigation") and Basic Fusion, Inc., ("Basic Fusion") (collectively "Defendants"), hereby respond and answer Plaintiffs' Complaint for Cybersquatting; Trademark Infringement; False Designation of Origin; Dilution; and Unfair Competition (the "Complaint") as

follows:

1. Defendants admit that Plaintiffs have asserted claims under 15 U.S.C. §1125(d), 15 U.S.C. § 114(1), 15 U.S.C. § 1125(a), 15 U.S.C. §1125(c), and section 17200 of the California Business & Professional Code, as well as claims of trademark infringement and unfair competition under California common law. Defendants deny liability under the same. Defendants further admit that this Court has subject matter jurisdiction. Otherwise, Denied.

2. Defendants admit that this Court has supplemental jurisdiction over Plaintiffs' state law claims, although Defendants note that such jurisdiction is discretionary. Otherwise, Denied.

3. Defendants admit that venue in the Central District of California Western Division is proper. Otherwise Denied.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 4 of the Complaint and therefore deny the same.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 5 of the Complaint and therefore deny the same.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 6 of the Complaint and therefore deny the same.

7. Navigation admits that it is a Delaware Corporation with its principal place of business in El Segundo, California, and that this Court has jurisdiction of Navigation. Navigation denies the other allegations in paragraph 7 of the Complaint.

8. Basic Fusion admits that it is a Delaware Corporation with its principal place of business in El Segundo, California, and that this Court has jurisdiction of Navigation. Navigation denies the other allegations in paragraph 8 of the Complaint.

9. Denied. Defendants are both wholly owned subsidiaries of FirstLook,

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

Inc., (Firstlook), which is a wholly owned subsidiary of the Connexus Corporation ("Connexus"). Denies the remaining allegations in Paragraph 9. To the extent that Paragraph 9 asserts a legal conclusion, no response is necessary.

10. Denied. Defendants are corporate affiliates. Denies the remaining allegations in Paragraph 10. To the extent that Paragraph 10 asserts a legal conclusion, no response is necessary.

11. Defendants admit that there are "Verizon Companies" that provide a variety of telecommunications goods and services, and that they are large and well-known, but Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 17 of the Complaint and

therefore deny the same.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 18 of the Complaint and therefore deny the same.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 19 of the Complaint and therefore deny the same.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 20 of the Complaint and therefore deny the same.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 21 of the Complaint and therefore deny the same.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 22 of the Complaint and therefore deny the same.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 23 of the Complaint and therefore deny the same.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 24 of the Complaint and therefore deny the same.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 25 of the Complaint and therefore deny the same.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 26 of the Complaint and therefore deny the same.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 27 of the Complaint and therefore deny the same.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 28 of the Complaint and therefore deny the same.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 29 of the Complaint and therefore deny the same.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 30 of the Complaint and therefore deny the same.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 31 of the Complaint and therefore deny the same.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 32 of the Complaint and therefore deny the same.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 33 of the Complaint and therefore deny the same.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 34 of the Complaint and therefore deny the same.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 35 of the Complaint and therefore deny the same.

36. Defendants are without sufficient knowledge or information to form a

5
Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

belief as to the truth of Plaintiffs' allegations in paragraph 36 of the Complaint and therefore deny the same.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 37 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "37" – Defendants' answer to both is the same.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 38 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "38" – Defendants' answer to both is the same.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 39 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "39" – Defendants' answer to both is the same.

40. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 40 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "40" – Defendants' answer to both is the same.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 41 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "41" – Defendants' answer to both is the same.

42. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 42 of the Complaint and therefore deny the same. Verizon's Complaint lists two paragraphs numbered "42" – Defendants' answer to both is the same.

43. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in paragraph 43 of the Complaint and

therefore deny the same. Verizon's Complaint lists two paragraphs numbered "43" – Defendants' answer to both is the same.

44. Verizon's Complaint lists two paragraphs numbered "44." Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in the first paragraph numbered "44" (on page 10 of the Complaint), Basic Fusion admits the allegations in the second paragraph numbered "44 " (on page 11 of the Complaint) that it is an ICANN accredited registrar. Otherwise Denied.

45. Verizon's Complaint lists two paragraphs numbered "45." Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations in the first paragraph numbered "45" (on page 11 of the Complaint), In response to the allegations in the second paragraph numbered "45" (on page 12 of the Complaint), Navigation admits that, as a Registrant, it has registered and sampled large numbers of domain names. Basic Fusion admits that, as a Registrar, it has processed the registration of many domain names for its clients, one of which is Navigation. Otherwise Denied.

46. Navigation admits that it has used from time to time in the past an automated process to sample domain names which were available for registration by the general public in conjunction with human screeners. Otherwise, Denied.

47. Denied.

48. Denied. Navigation admits that it may have at one point have registered some of the domain names in Exhibits 5 or 7 of the Complaint. Otherwise Denied.

49. Navigation is a registrant of some of the domain names at issue. Basic Fusion is a registrar. Otherwise Denied.

50. Denied. Navigation admits that it may have at one point have registered some of the domain names in Exhibits 5 or 7 of the Complaint. Otherwise Denied.

51. Basic Fusion is a registrar. It may have been the registrar for some of the Defendants' Domain Names. Otherwise Denied.

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

52. Basic Fusion, as an ICANN-accredited registrar, has direct access to register domain names, as a registrar, via Internet registries, including the .com and .net registries operated by VeriSign, Inc.

53. Navigation admits that it arranged for another service provider, Overture, Inc., to host websites at various domain names and that certain of those cites had links to advertiser websites, but otherwise Denied.

54. Admitted.

55. Navigation admits that it has in the past registered some of the domain names listed in paragraph 55 of the Complaint, but that, many were never registered, it cancelled the registrations for many prior to notice of this dispute, and that it has transferred the rest to Plaintiffs' counsel, but otherwise Denied.

56. Navigation admits that in the past it has sampled domain names for short periods, but denies that such names were registered, and further denies that it has done so with respect to the complained of domain names, but otherwise Denied.

57. Denied.

58. Denied

59. Navigation admits that it arranged for another service provider, Overture, Inc., to host websites at various domain names and that certain of those sites had links to advertiser websites, but otherwise Denied.

60. Navigation admits that certain ads appeared on users' computer screens when they accessed certain websites at certain of the complained of domain names, but Navigation notes that no such ads appear any longer at its websites. As previously noted, Navigation has transferred control of the complained of domain names to Plaintiffs' counsel of record. Otherwise Denied.

61. Navigation admits that it received a relatively small amount of revenue from users' clicking on ads and/or links appearing on screens when users accessed certain of the complained of domain names. Otherwise, Denied.

62. Denied.

63. Denied.

64. In response to paragraph 64 of the Complain, Defendants hereby reallege and incorporate by reference its responses in paragraphs 1-63 above.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendants admit that they do not have any "intellectual property rights" in the VERIZON and VERIZON FIOS or VZ marks as Defendants understand such term, but notes that trademark rights are not rights "in gross" and that anyone – including Defendants – has the right to lawfully use another's trademark in certain ways. Otherwise Denied.

70. Defendants admit that none of the domain names complained of include its names. Otherwise, Denied.

71. Navigation admits that the advertised links offered in connection with the use of the domain names complained of were offered via advertising by Navigation's service providers, such as Overture, Inc., Otherwise, Denied.

72. Navigation admits that the advertised links offered in connection with the use of the domain names complained of were offered via advertising by Navigation's service providers, such as Overture, Inc. Otherwise, Denied.

73. Navigation admits that the advertised links offered in connection with the use of the domain names complained of were offered via advertising by Navigation's service providers, such as Overture, Inc. Otherwise, Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. In response to paragraph 78 of the Complain, Defendants hereby

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

reallege and incorporate by reference its responses in paragraphs 1-77 above.

79. Denied.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Denied.
87. Denied.
88. Denied.
89. In response to paragraph 88 of the Complain, Defendants hereby reallege and incorporate by reference its responses in paragraphs 1-89 above.
90. Denied.
91. Denied.
92. Denied.
93. Denied.
94. Denied.
95. Denied.
96. Denied.
97. Denied.
98. Denied.
99. Denied.
100. In response to paragraph 100 of the Complain, Defendants hereby reallege and incorporate by reference its responses in paragraphs 1-99 above.
101. Denied.
102. Denied.
103. Denied.

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. In response to paragraph 109 of the Complain, Defendants hereby reallege and incorporate by reference its responses in paragraphs 1-108 above.

110. Denied.

111. Denied.

112. Defendants admit that Plaintiffs allege that their state law claim for trademark infringement arises under California State Law, but otherwise Denied.

113. Denied.

114. Denied.

115. Denied.

116. In response to paragraph 116 of the Complain, Defendants hereby reallege and incorporate by reference its responses in paragraphs 1-115 above.

117. Defendants admit that Plaintiffs allege that their state law claim for unfair trade practices arises under California State Law, but otherwise Denied.

118. Denied.

119. Denied.

120. Denied.

## ADDITIONAL DEFENSES

1. Prior to the filing of this action, Defendants did not receive a request or demand from any of the Plaintiffs regarding any of the domain names complained of by Plaintiffs. Upon learning of this action, Navigation promptly ceased allowing any advertising at any such domains and offered to transfer all such domains to Plaintiffs free of charge. Navigation promptly transferred the domain names to Plaintiffs by providing Plaintiffs' counsel of record with control over such domain names.

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

2. Navigation's use of the complained of domain names has not, upon information and belief, resulted in a likelihood of confusion or any dilution of any of Plaintiffs' marks. Upon information and belief, Plaintiffs have not suffered any damages as a result of any of Navigation's or Basic Fusion's actions. Upon information and belief, Plaintiffs have not taken steps to mitigate their damages, if any.

3. Upon information and belief, some or all of Plaintiffs' claims and/or remedies are barred by unclean hands, laches, estoppel, and/or limitations. Plaintiffs engage in substantially similar monetization of domain name typos.

4. Plaintiffs are not entitled to some or all of the relief requested in the Complaint such as (and without limitation) relief unlimited and unrelated to any trademark rights of any of the Plaintiffs, such as the use of automated processes to register domain names, providing contact information to domain registrars, and as to activities which are protected by the First Amendment of the United States Constitution and/or the California Constitution.

5. Defendants reserve the right to plead additional affirmative defenses.

## PRAYER FOR RELIEF

Defendants request that all relief requested by Plaintiffs be denied, that a take-nothing judgment be entered in favor of Defendants, that Defendants be awarded their costs, and that Defendants receive such further and other relief, at law and at equity, to which it shows itself to be entitled.

## COUNTERCLAIMS

Counterclaim Plaintiff Navigation Catalyst Systems, Inc., ("Navigation") by its undersigned attorneys, as and for its counterclaim against Counterclaim-Defendants Verizon California Inc., Verizon Trademark Services LLC, Verizon Licensing Company, and, as of yet unknown other Verizon entities, (collectively "Verizon") allege as follows:

///

## NATURE OF THE COUNTERCLAIMS

1. Navigation, owns or licenses a portfolio of trademarks from its corporate parents, Firstlook and Connexus.

2. Verizon engages in a practice known as DNS Wildcarding, whereby, when customers to its Internet Service type typographical errors of domain names into their web browsers, they are redirected to a website hosted by Verizon. Verizon monetizes the traffic from these domain names with contextually relevant advertising.

3. When Verizon monetizes the traffic from the domain names typed in error by its customers it "traffics in" or "uses" the domain names in bad faith, within the meaning of 15 U.S.C. §1125(d).

4. Upon information and belief, Verizon traffics in domain names consisting of the intellectual property rights of Navigation, its corporate parents, Firstlook and Connexus Corporation, and its affiliates. Navigation brings this counterclaim for Cybersquatting under 15 U.S.C. § 1125(d) to stop Verizon from trafficking on Navigation's intellectual property rights.

5. Navigation seeks injunctive relief, in the nature of an order to keep Verizon from engaging in the practice of DNS Wildcarding, for statutory damages, attorneys fees and such further relief as the Court deems just and proper.

## PARTIES

6. Counterclaim Plaintiff Navigation is a corporation organized under the laws of Delaware with a principal place of business at 2101 Rosecrans Ave., El Segundo California, 90245.

7. Upon information and belief, the Verizon entities are corporations organized under California laws and doing business in California.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action

pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338 (b).

9. This Court has personal jurisdiction over Verizon because Verizon continuously and systematically conducts, transacts and solicits business in this district and Verizon entities have a principal place of business and are otherwise located in this district.

10. Venue is proper in this district pursuant to Sections 1391 (b) and (c) of the Judicial Code, 28 U.S.C. § 1391 (b) and (c), because Verizon resides in this district, because Verizon is subject to personal jurisdiction in this district and because a substantial portion of the events at issue have arisen and will arise in this judicial district. Verizon has also consented to this Court's jurisdiction by filing the Complaint at issue in this action.

## FACTS

11. Navigation and its affiliated companies own or license numerous trademarks, which are valid, and listed on the publicly-available database maintained by the United States Patent and Trademark Office ("USPTO") at its www.uspto.gov website. Navigation's marks include the following, without limitation, (the "Navigation Marks"):

| Word Mark | Serial Number | Reg. Number | Registrant |
|---|---|---|---|
| ACROPHOBIA | 75561096 | 2948164 | FLIPSIDE, INC. |
| ACROPHOBIA | 75262393 | 2209677 | FLIPSIDE, INC. |
| BACKSTAGE PASS | 76001112 | 2610334 | FLIPSIDE, INC. |
| BLINK | 75783011 | 3307658 | BLINK.COM, INC. |
| BLOWOUT BINGO | 75736261 | 2496867 | FLIPSIDE, INC. |
| CONNEXUS | 77161390 | 77161390 | CONNEXUS CORPORATION |
| COSMIC CONSENSUS | 75703895 | 2500776 | FLIPSIDE, INC. |
| DOT TRAVEL | 76574487 | 2924877 | NEW.NET, INC. |

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

| | | | |
|---|---|---|---|
| **FLIPSIDE** | 75872664 | 2559730 | FLIPSIDE, INC. |
| **IMGAMES** | 75857858 | 2493448 | FLIPSIDE, INC. |
| **IMGAMES** | 75857855 | 2493447 | Berkeley Systems, Inc. |
| **NEW.NET** | 76225820 | 2755007 | New.Net, Inc. |
| **NEW.NET** | 76225634 | 2802891 | NEW.NET, INC. |
| **NEW.NET** | 76976490 | 2846296 | NEW.NET, INC. |
| **NEW.NET** | 78019419 | 3194831 | NEW.NET, INC. |
| **TRAFFICMARKETPLACE** | 78530163 | 3067753 | Trafficmarketplace.com, Inc. |
| **UPROAR** | 76075745 | 2482118 | FLIPSIDE, INC. |
| **UPROAR** | 75370335 | 2280473 | FLIPSIDE, INC. |
| **VENDARE MEDIA** | 78703938 | 3126763 | CONNEXUS CORPORATION |
| **VENDARE MEDIA** | 78703935 | 3126762 | CONNEXUS CORPORATION |
| **VIRTUAL LAS VEGAS** | 75509370 | 2596493 | FLIPSIDE, INC. |

12. Verizon engages in a practice known as DNS Wildcarding, whereby Verizon Internet Service Customers type domain names into their web browsers, and, when they type a domain name not presently registered with a Registry, are redirected by Verizon, to its own web pages with paid advertising links (the "Wildcard Names").

13. Verizon monetizes the traffic through these links, including, without limitation, on Navigation's trademarks, as well as the trademarks of others.

14. Verizon's practice has been criticized by its customers, watchdog agencies, academics and others. Verizon's practice has also been the subject of several litigations, which, upon information and belief, settled.

**CLAIM OF RELIEF FOR CYBERSQUATTING (15 U.S.C. §1125(D)**

15. Navigation realleges the above paragraphs as if set forth fully herein.

16. Verizon has *trafficked in* and/or *used*, or caused to be trafficked in and/or used, domain names consisting of confusingly similar names to the Navigation Marks, with full knowledge of Navigation's rights and a bad faith intent to profit

from Navigation's Marks, in violation of the Anticybersquatting Consumer Protection Act of 1999, as amended at 15 U.S.C. § 1125(d).

17. Verizon is not authorized to use any of the Navigation Marks as part of a domain name.

18. Verizon's trafficking or use of the Wildcard Names has caused and will continue to cause irreparable harm to Navigation unless the Court orders Verizon to stop its practice of DNS Wildcarding. Navigation has no adequate remedy at law.

WHEREFORE, Navigation respectfully demands judgment as follows:

19. That a permanent injunction be issued enjoining Verizon, and any of its respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by Verizon, from:

    a. Using the Navigation Marks or any other unauthorized mark in its domain name monetization scheme.

20. Directing that Verizon file with the Court and serve upon Navigation's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

21. Awarding Navigation, statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. 1117(d).

22. Awarding Navigation exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

23. Awarding Navigation its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

24. Awarding Navigation interest, including pre-judgment interest on the foregoing sums.

25. Awarding Navigation such other and further relief as the Court may

Answer and Counterclaims of Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc.

deem just and proper.

## JURY DEMAND

Counterclaim-Plaintiff, Navigation respectfully demands trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

DATED: May 15, 2008

By: */s/ Michael King / EG*
MICHAEL G. KING
JANICE M. KROLL
HENNELLY & GROSSFELD LLP
Attorneys for Defendants
NAVIGATION CATALYST
SYSTEMS, INC., and BASIC FUSION, INC.

BRETT E. LEWIS
LEWIS & HAND, LLP
(Pending *Pro Hac Vice*)
Attorneys for Defendants
NAVIGATION CATALYST
SYSTEMS, INC., and BASIC FUSION, INC.

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 4640 Admiralty Way, Suite 850, Marina del Rey, California, 90292.

On **May 15, 2008**, I served the following document(s):

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS NAVIGATION CATALYST SYSTEMS, INC. AND BASIC FUSION, INC.**

**DEMAND FOR JURY TRIAL**

on the interested parties in this action as indicated below or on the attached service list, together with this declaration, as follows:

*Please See Attached Service List*

[X] **(BY MAIL)** I am readily familiar with the business' practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Marina del Rey, California.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 15, 2008** at Marina del Rey, California.

/s/ Naomi Snyder

## Service List

| | |
|---|---|
| David J. Steele<br>**CHRISTIE, PARKER & HALE, LLP**<br>North Tower - Suite 6000<br>3501 Jamboree Road<br>Newport Beach, CA 92660-2939<br>Tel: (949) 476-0757; Fax: (949) 476-8640<br>EM: djs@cph.com | Attorneys for plaintiffs<br>VERIZON CALIFORNIA, INC.<br>VERIZON TRADEMARK SERVICES LLC<br>VERIZON LICENSING COMPANY |
| Howard A. Kroll<br>**CHRISTIE, PARKER & HALE, LLP**<br>350 West Colorado Boulevard, Suite 500<br>Pasadena, CA 91109-7068<br>Tel: (626) 795-9900; Fax: (626) 577-8800<br>EM: hak@cph.com | Attorneys for plaintiffs<br>VERIZON CALIFORNIA, INC.<br>VERIZON TRADEMARK SERVICES LLC<br>VERIZON LICENSING COMPANY |
| John Thorne (*pro hac vice* pending)<br>EM: john.thorne@verizon.com<br>**VERIZON CORPORATE SERVICES GROUP INC.**<br>Sarah B Deutsch (*pro hac vice* pending)<br>**VERIZON CORPORATE SERVICES CORP.**<br>1515 North Court House Road, Suite 500<br>Arlington, VA 22201<br>Tel: (703) 351-3044; Fax: (703) 351-3670 | Attorneys for plaintiffs<br>VERIZON CALIFORNIA, INC.<br>VERIZON TRADEMARK SERVICES LLC<br>VERIZON LICENSING COMPANY |