**DAVID J. STEELE, CA Bar No. 209797**
Email: david.steele@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**3501 Jamboree Road, Suite 6000-North Tower**
**Newport Beach, CA 92660**
**Telephone: (949) 476-0757**
**Facsimile: (949) 476-8640**

**HOWARD J. KROLL, CA Bar No. 100981**
Email: howard.kroll@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**350 West Colorado Boulevard, Suite 500**
**Post Office Box 7068**
**Pasadena, California 91109-7068**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

**SARAH B. DEUTSCH (Admitted *pro hac vice*)**
**VERIZON CORPORATE SERVICES CORP.**
**1515 North Court House Road, Suite 500**
**Arlington, VA 22201**
**Telephone: (703) 351-3044**
**Facsimile: (703) 351-3670**

Attorneys for Plaintiffs/Counterclaim-Defendants
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; AND VERIZON LICENSING COMPANY, <br><br> Plaintiffs/ Counterclaim-Defendants, <br><br> vs. <br><br> NAVIGATION CATALYST SYSTEMS, INC.; AND BASIC FUSION, INC., <br><br> Defendants/ Counterclaim-Plaintiffs. <br><br>——————————— <br> and related Counterclaims. | Case No. CV08-02463 ABC (Ex) <br><br> **ANSWER TO COUNTERCLAIMS OF DEFENDANTS NAVIGATION CATALYST SYSTEMS, INC. AND BASIC FUSION, INC.** <br><br> **DEMAND FOR TRIAL BY JURY** <br><br> **Judge Audrey B. Collins** |

Plaintiffs/Counterclaim-Defendants Verizon California Inc.; Verizon Trademark Services LLC; and Verizon Licensing Company ("Counterclaim-Defendants" or "Verizon"), by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Counterclaims filed by Defendants/Counterclaim-Plaintiffs Navigation Catalyst Systems, Inc. ("Navigation") and Basic Fusion, Inc. ("Basic Fusion, Inc.") (collectively "Counterclaim-Plaintiffs").

## **RESPONSES**

1.     Navigation, owns or licenses a portfolio of trademarks from its corporate parents, Firstlook and Connexus.

Answering Paragraph 1 of the Counterclaim, Verizon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 1 of the Counterclaim.

2.     Verizon engages in a practice known as DNS Wildcarding, whereby, when customers to its Internet Service type typographical errors of domain names into their web browsers, they are redirected to a website hosted by Verizon. Verizon monetizes the traffic from these domain names with contextually relevant advertising.

Answering Paragraph 2 of the Counterclaim, Verizon admits it operates a service known as Advanced Search Service and sometimes referred to as a DNS wildcarding system. Except as so admitted, Verizon denies each and every allegation in paragraph 2 of the Counterclaim.

3.     When Verizon monetizes the traffic from the domain names typed in error by its customers it "traffics in" or "uses" the domain names in bad faith, within the meaning of 15 U.S.C. §1125(d).

/ / /

CHRISTIE, PARKER & HALE, LLP

Answering Paragraph 3 of the Counterclaim, Verizon denies each and every allegation in paragraph 3 of the Counterclaim.

4.      Upon information and belief, Verizon traffics in domain names consisting of the intellectual property rights of Navigation, its corporate parents, Firstlook and Connexus Corporation, and its affiliates. Navigation brings this counterclaim for Cybersquatting under 15 U.S.C. § 1125(d) to stop Verizon from trafficking on Navigation's intellectual property rights.

Answering Paragraph 4 of the Counterclaim, Verizon denies each and every allegation in paragraph 4 of the Counterclaim.

5.      Navigation seeks injunctive relief, in the nature of an order to keep Verizon from engaging in the practice of DNS Wildcarding, for statutory damages, attorneys fees and such further relief as the Court deems just and proper.

Answering Paragraph 5 of the Counterclaim, Verizon states that paragraph 5 is a request for relief to which no response is required. In the event that a response is required, Verizon denies the allegations in paragraph 5 of the Counterclaim.

6.      Counterclaim Plaintiff Navigation is a corporation organized under the laws of Delaware with a principal place of business at 2101 Rosecrans Ave., El Segundo California, 90245.

Answering Paragraph 6 of the Counterclaim, Verizon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 6 of the Counterclaim.

7.      Upon information and belief, the Verizon entities are corporations organized under California laws and doing business in California.

Answering Paragraph 7 of the Counterclaim, Verizon admits that Plaintiffs/Counterclaim-Defendant Verizon California Inc. is a California

CHRISTIE, PARKER & HALE, LLP

corporation with its principal place of business in Thousand Oaks, California. Except as expressly so admitted, Verizon denies the allegations in paragraph 7 of the Counterclaim.

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

Answering Paragraph 8 of the Counterclaim, Verizon admits this Court has jurisdiction over the subject matter of this action.

9. This Court has personal jurisdiction over Verizon because Verizon continuously and systematically conducts, transacts and solicits business in this district and Verizon entities have a principal place of business and are otherwise located in this district.

Answering Paragraph 9 of the Counterclaim, Verizon admits that this Court has personal jurisdiction over Verizon as Plaintiffs/Counterclaim-Defendant Verizon California Inc. is a California corporation with its principal place of business in Thousand Oaks, California. Except as expressly so admitted, Verizon denies the allegations in paragraph 9 of the Counterclaim.

10. Venue is proper in this district pursuant to Sections 1391 (b) and (c) of the Judicial Code, 28 U.S.C. § 1391 (b) and (c), because Verizon resides in this district, because Verizon is subject to personal jurisdiction in this district and because a substantial portion of the events at issue have arisen and will arise in this judicial district. Verizon has also consented to this Court's jurisdiction by filing the Complaint at issue in this action.

Answering Paragraph 10 of the Counterclaim, Verizon admits that venue is proper in this Judicial District because Verizon is subject to personal jurisdiction in this district and Verizon consented to this Court's jurisdiction by filing the Complaint at issue in this action.

CHRISTIE, PARKER & HALE, LLP

11. Navigation and its affiliated companies own or license numerous trademarks, which are valid, and listed on the publicly-available database maintained by the United States Patent and Trademark Office ("USPTO") at its www.uspto.gov website. Navigation's marks include the following, without limitation, (the "Navigation Marks"):

| Word Mark | Serial Number | Reg. Number | Registrant |
|---|---|---|---|
| ACROPHOBIA | 75/561,096 | 2,948,164 | FLIPSIDE, INC. |
| ACROPHOBIA | 75/262,393 | 2,209,677 | FLIPSIDE, INC. |
| BACKSTAGE PASS | 76/001,112 | 2,610,334 | FLIPSIDE, INC. |
| BLINK | 75/783,011 | 3,307,658 | BLINK.COM, INC. |
| BLOWOUT BINGO | 75/736,261 | 2,496,867 | FLIPSIDE, INC. |
| CONNEXUS | 77/161,390 | | CONNEXUS CORPORATION |
| COSMIC CONSENSUS | 75/703,895 | 2,500,776 | FLIPSIDE, INC. |
| DOT TRAVEL | 76/574,487 | 2,924,877 | NEW.NET, INC. |
| FLIPSIDE | 75/872,664 | 2,559,730 | FLIPSIDE, INC. |
| IMGAMES | 75/857,858 | 2,493,448 | BERKELEY SYSTEMS, INC. |
| NEW.NET | 76/225,820 | 2,755,007 | NEW.NET, INC. |
| NEW.NET | 76/225,634 | 2,802,891 | NEW.NET, INC. |
| NEW.NET | 76/976,490 | 2,846,296 | NEW.NET, INC. |
| NEW.NET | 78/019,419 | 3,194,831 | NEW.NET, INC. |
| TRAFFICMARKETPLACE | 78/530,163 | 3,067,753 | Trafficmarketplace.com, Inc. |
| UPROAR | 76/075,745 | 2,482,118 | FLIPSIDE, INC. |
| UPROAR | 75/370,335 | 2,280,473 | FLIPSIDE, INC. |
| VENDARE MEDIA | 78/703,938 | 3,126,763 | CONNEXUS CORPORATION |
| VENDARE MEDIA | 78/703,935 | 3,126,762 | CONNEXUS CORPORATION |
| VIRTUAL LAS VEGAS | 75/509,370 | 2,596,493 | FLIPSIDE, INC. |

Answering Paragraph 11 of the Counterclaim, Verizon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 11 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

12. Verizon engages in a practice known as DNS Wildcarding, whereby Verizon Internet Service Customers type domain names into their web browsers, and, when they type a domain name not presently registered with a Registry, are redirected by Verizon, to its own web pages with paid advertising links (the "Wildcard Names").

Answering Paragraph 12 of the Counterclaim, Verizon admits it operates a system known as Advanced Search Service. Except as so admitted, Verizon denies each and every allegation in paragraph 12 of the Counterclaim.

13. Verizon monetizes the traffic through these links, including, without limitation, on Navigation's trademarks, as well as the trademarks of others.

Answering Paragraph 13 of the Counterclaim, Verizon denies each and every allegation in paragraph 13 of the Counterclaim.

14. Verizon's practice has been criticized by its customers, watchdog agencies, academics and others. Verizon's practice has also been the subject of several litigations, which, upon information and belief, settled.

Answering Paragraph 14 of the Counterclaim, Verizon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 14 of the Counterclaim.

15. Navigation realleges the above paragraphs as if set forth fully herein.

Answering Paragraph 15 of the Counterclaim, Verizon repeats its responses contained in paragraphs 1 through 15 of this Answer and incorporates them by reference as though fully and completely set forth herein.

16. Verizon has *trafficked in* and/or *used*, or caused to be trafficked in and/or used, domain names consisting of confusingly similar names to the Navigation Marks, with full knowledge of Navigation's rights and a bad faith intent to profit from Navigation's Marks, in violation of the Anticybersquatting

/ / /

CHRISTIE, PARKER & HALE, LLP

Consumer Protection Act of 1999, as amended at 15 U.S.C. § 1125(d). [Emphasis in original.]

Answering Paragraph 16 of the Counterclaim, Verizon denies each and every allegation in paragraph 16 of the Counterclaim.

17.     Verizon is not authorized to use any of the Navigation Marks as part of a domain name.

Answering Paragraph 17 of the Counterclaim, Verizon admits that Navigation has not authorized Verizon to use any valid and enforceable trademark owned by Navigation as part of a domain name. Except as so admitted, Verizon denies each and every allegation in paragraph 17 of the Counterclaim.

18.     Verizon's trafficking or use of the Wildcard Names has caused and will continue to cause irreparable harm to Navigation unless the Court orders Verizon to stop its practice of DNS Wildcarding. Navigation has no adequate remedy at law. WHEREFORE, Navigation respectfully demands judgment as follows:

Answering Paragraph 18 of the Counterclaim, Verizon denies each and every allegation in paragraph 18 of the Counterclaim. As to the last sentence of paragraph 18, Verizon states that paragraph 18 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 18 of the Counterclaim.

19.     That a permanent injunction be issued enjoining Verizon, and any of its respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by Verizon, from:

a.     Using the Navigation Marks or any other unauthorized mark in its domain name monetization scheme.

/ / /

CHRISTIE, PARKER & HALE, LLP

Answering Paragraph 19 and 19a of the Counterclaim, Verizon states that paragraphs 19 and 19a are a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraphs 19 and 19a of the Counterclaim.

20. Directing that Verizon file with the Court and serve upon Navigation's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

Answering Paragraph 20 of the Counterclaim, Verizon states that paragraph 20 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 20 of the Counterclaim.

21. Awarding Navigation, statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. 1117(d).

Answering Paragraph 21 of the Counterclaim, Verizon states that paragraph 21 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 21 of the Counterclaim.

22. Awarding Navigation exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

Answering Paragraph 22 of the Counterclaim, Verizon states that paragraph 22 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 22 of the Counterclaim.

23. Awarding Navigation its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

Answering Paragraph 23 of the Counterclaim, Verizon states that paragraph 23 is a demand for judgment to which no response is required. In the

CHRISTIE, PARKER & HALE, LLP

event that a response is required, Verizon denies each and every allegation in paragraph 23 of the Counterclaim.

24. Awarding Navigation interest, including pre-judgment interest on the foregoing sums.

Answering Paragraph 24 of the Counterclaim, Verizon states that paragraph 24 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 24 of the Counterclaim.

25. Awarding Navigation such other and further relief as the Court may deem just and proper.

Answering Paragraph 25 of the Counterclaim, Verizon states that paragraph 25 is a demand for judgment to which no response is required. In the event that a response is required, Verizon denies each and every allegation in paragraph 25 of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, Verizon does not agree or concede that it bears the burden of proof or the burden of persuasion on any of those issues, whether in whole or in part. Verizon hereby asserts the following Affirmative Defenses to the claims in the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims, and each purported cause of action therein, are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred to the extent the claims are within the scope of the Communication Decency Act of 1996.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs have suffered no injury or damage as a result of any act or conduct of Verizon.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim-Plaintiffs' request for injunctive relief is barred because Counterclaim-Defendants have an adequate remedy at law for any damages resulting from the actions alleged in the Counterclaims.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims, and each purported cause of action therein, are barred by the First Amendment to the United States Constitution and the doctrine of nominative fair use because there is nothing false or materially misleading on the Advanced Search Service that is the subject of the Counterclaim.

### SEVENTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Counterclaim-Plaintiffs as a result of the acts contained in the Counterclaims were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of third parties over which Verizon had no control.

/ / /

/ / /

/ / /

CHRISTIE, PARKER & HALE, LLP

## REQUEST FOR RELIEF

WHEREFORE, Counter-Defendant Verizon requests judgment as follows:

1.     That Counterclaim-Plaintiffs take nothing by way of their Counterclaims;

2.     That the Counterclaims, and each and every purported claim for relief therein, be dismissed with prejudice;

3.     That Verizon be awarded its costs of suit incurred herein, including its attorneys' fees and expenses; and

4.     For such other and further relief as the Court deems just and proper.


DATED:  June 4, 2008                Respectfully submitted,

                                    CHRISTIE, PARKER & HALE, LLP


                                    By    /s/ David J. Steele
                                        David J. Steele
                                        Howard A. Kroll

                                        Attorneys for Plaintiffs/
                                        Counterclaim-Defendants
                                        VERIZON CALIFORNIA INC.
                                        VERIZON TRADEMARK SERVICES LLC
                                        VERIZON LICENSING COMPANY

CHRISTIE, PARKER & HALE, LLP

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DEMAND FOR TRIAL BY JURY

Plaintiffs/Counterclaim-Defendants, VERIZON CALIFORNIA INC., VERIZON TRADEMARK SERVICES LLC, and VERIZON LICENSING COMPANY, hereby demand a trial by jury to decide all issues so triable in this case.

DATED: June 4, 2008

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By   /s/ David J. Steele
     David J. Steele
     Howard A. Kroll

Attorneys for Plaintiffs/
Counterclaim-Defendants
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

LLB IRV1114149.2-*-06/4/08 3:13 PM