1　DAVID J. STEELE, CA Bar No. 209797
　　Email: david.steele@cph.com
2　CHRISTIE, PARKER & HALE, LLP
　　3501 Jamboree Road, Suite 6000-North Tower
3　Newport Beach, CA 92660
　　Telephone: (949) 476-0757
4　Facsimile: (949) 476-8640

5　HOWARD J. KROLL, CA Bar No. 100981
　　Email: howard.kroll@cph.com
6　CHRISTIE, PARKER & HALE, LLP
　　350 West Colorado Boulevard, Suite 500
7　Post Office Box 7068
　　Pasadena, California 91109-7068
8　Telephone: (626) 795-9900
　　Facsimile: (626) 577-8800
9
　　JOHN THORNE (Admitted *pro hac vice*)
10　Email: john.thorne@verizon.com
　　VERIZON CORPORATE SERVICES GROUP INC.
11　SARAH B. DEUTSCH (Admitted *pro hac vice*)
　　VERIZON CORPORATE SERVICES CORP.
12　1515 North Court House Road, Suite 600
　　Arlington, VA 22201
13　Telephone: (703) 351-3044
　　Facsimile: (703) 351-3670
14
　　Attorneys for Plaintiffs
15　VERIZON CALIFORNIA INC.
　　VERIZON TRADEMARK SERVICES INC.
16　VERIZON LICENSING COMPANY

17　MICHAEL G. KING, CA Bar No. 145477
　　Email: mking@hgla.com
18　JANICE M. KROLL, CA Bar No. 189975)
　　jmkroll@hgla.com
19　HENNELLY & GROSSFELD LLP
　　4640 Admiralty Way, Suite 850
20　Marina del Rey, CA 90292
　　Telephone: (310) 305-2100
21　Facsimile: (310) 305-2116

22　BRETT E. LEWIS (Admitted *pro hac vice*)
　　Email: brett@lewishand.com
23　LEWIS & HAND, LLP
　　45 Main Street, Suite 818
24　Brooklyn, NY 11201
　　Telephone: (718) 243-9323
25　Facsimile: (718) 243-9326

26　Attorneys for Defendants
　　NAVIGATION CATALYST SYSTEMS, INC.
27　BASIC FUSION, INC.

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; AND VERIZON LICENSING COMPANY,<br><br>Plaintiffs/<br>Counterclaim-Defendants,<br><br>vs.<br><br>NAVIGATION CATALYST SYSTEMS, INC.; AND BASIC FUSION, INC.,<br><br>Defendants/<br>Counterclaim-Plaintiffs. | Case No. CV08-02463 ABC (Ex)<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>DATE: September 8, 2008<br>TIME: 10:00 a.m.<br>CTRM: 680<br><br>**Hon. Audrey B. Collins** |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and the Court's Order dated June 19, 2008,

Plaintiffs VERIZON CALIFORNIA INC., VERIZON TRADEMARK SERVICES LLC, and VERIZON LICENSING COMPANY ("Plaintiffs") and Defendants NAVIGATION CATALYST SYSTEMS, INC. and BASIC FUSION, INC. ("Defendants") submit the following Joint Scheduling Conference Report.

On August 18, 2008, David J. Steele and Howard A. Kroll of Christie, Parker & Hale, LLP, on behalf of Plaintiffs, and Brett E. Lewis of Lewis & Hand, LLP, on behalf of Defendants, conferred regarding this scheduling report and have jointly agreed to the following:

**(a) Short Statement Of Claims/Counterclaims & Affirmative Defenses**

Plaintiffs' Statement: Plaintiffs are owners or licensees of the famous trade names and trademarks VERIZON and VERIZON WIRELESS (the "VERIZON

Marks"), FIOS and VERIZON FIOS (the "VERIZON FIOS Marks"), and the distinctive trade names and trademarks VZ, VZACCESS, VZEMAIL, VZGLOBAL, VZVOICE, VZW (the "VZ Marks"), (collectively "Plaintiffs' Marks"). Defendants Navigation Catalyst Systems, Inc. and Basic Fusion, Inc. ("Defendants") are cybersquatters, registering, in just a few months, hundreds of thousands of domain names that are confusingly similar to famous trademarks and service marks. Defendants have improperly registered at least one thousand three hundred ninety-two (1,392) confusingly similar domain names to the Plaintiffs' Marks.

Plaintiffs' claims against Defendants are for Cybersquatting under 15 U.S.C § 1125(d), Trademark Infringement under 15 U.S.C. § 1114(1), False Designation of Origin under 15 U.S.C. § 1125(a), Dilution under 15 U.S.C. § 1125(c) and Unfair Competition under California Business & Professions Code § 14320 and California Common Law. Plaintiffs moved for a preliminary injunction based on the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. § 1125(d). On June 30, 2008, the Court granted Plaintiffs' Motion for Preliminary Injunction enjoining Defendants from registering or using any domain name that is identical or confusingly similar to Plaintiffs' marks and from assisting, aiding, or abetting any other person or business entity in registering or using any domain name that is identical or confusingly similar to these same marks.

Defendants answered Plaintiffs' complaint and asserted a counterclaim for cybersquatting. Plaintiffs answered Defendant's Counterclaim, asserting several affirmative defenses. However, Defendants intend on dismissing the Counterclaim with prejudice.

Defendants' Statement:

Defendants have voluntarily dismissed their counterclaim with prejudice.

Defendants have asserted several key affirmative defenses, which bear both

on liability and damages:

- Not all domains were owned by Defendants.
- Not all identified domains are confusingly similar to Plaintiff's trademarks.
- Navigation's cooperation in this and other matters should be a mitigating factor on any damages calculation. Prior to the filing of this action, Defendants did not receive a request or demand from Plaintiffs regarding any of the domain names complained of by Plaintiffs. Upon Plaintiff's filing of this action, Navigation promptly transferred all such domains to Plaintiffs, without cost.
- Navigation made no use in commerce of the domain names and, accordingly, no trademark use. There can be no likelihood of confusion or dilution of a mark without a use in commerce.
- Some or all of Plaintiffs' claims and/or remedies are barred by unclean hands or estoppel.
    - The assertion by a trademark holder of its trademark rights to gain a competitive advantage in an unrelated field, for a wrongful purpose, gives rise to a defense of unclean hands.
    - Plaintiffs engage in substantially similar *monetization of domain name typos; the same* conduct which, Plaintiffs allege constitutes trademark infringement.
    - Awareness of an alleged Lanham Act violation and failure to act over a period of years estoppes that party from seeking damages under that Act.

**(b) Brief Description Of Key Legal Issues**

Plaintiff's Statement: The key legal issues are:

1. Whether Defendants' actions constitute Cybersquatting under 15

U.S.C § 1125(d);

2. Whether Defendants' actions constitute an infringement of Plaintiffs' Marks under 15 U.S.C. § 1114(1);

3. Whether Defendants' actions constitute False Designation of Origin under 15 U.S.C. § 1125(a);

4. Whether Defendants' actions have resulted in dilution of Plaintiffs' Marks under 15 U.S.C. § 1125(c);

5. Whether Defendants' actions constitute Unfair Competition under California Business & Professions Code § 14320 and California Common Law;

6. How much Plaintiffs have been damaged by Defendants' actions;

7. What remedies, in equity and at law, Plaintiffs are entitled to, including whether the Court's June 30, 2008 Preliminary Injunction Order should be a permanent injunction; and

Defendants' Statement:

1. Whether certain of the domain names in dispute are confusingly similar with Plaintiffs' trademarks.

2. Whether a party that proactively deletes trademarked domain names within five days of adding them is a bad faith actor?

3. Whether a party which is aware of an alleged Lanham Act violation and fails to act over a period of years is estopped from seeking damages under that Act.

4. Whether the adding of a domain name for less than five days constitutes registration within the meaning of the AntiCybersquatting Consumer Protection Act?

5. Even if liability is found to exist, whether so-called tasted domain names are subject to the same damages under the ACPA and the

same culpability as domain names registered long term.

6. Whether the assertion by a trademark holder of its trademark rights to gain a competitive advantage in an unrelated field, for a wrongful purpose, gives rise to a defense of unclean hands.

(c) **Discussion Of Likelihood Of Motions Seeking To Add Other Parties, Claims, Amended Pleadings, Or Transfer Venue**

At this time, neither party anticipates motions seeking to add other parties, amending pleadings or transferring venue. However, Plaintiffs may seek leave to amend their complaint to allege additional instances of cybersquatting by Defendants should additional facts supporting such an amendment come to light during discovery. Additionally, Plaintiffs may seek leave to amend their complaint to name additional parties and additional causes of action against those parties should additional facts supporting such an amendment come to light during discovery.

(d) **Discussion Of Discovery And Experts Pursuant To Rule 26(f)**

The parties anticipate the need for the discovery schedule listed in section (h) below based on the claims made by each party in this case. Further, the parties anticipate that each party will designate expert witnesses. The parties' agreed upon discovery schedule is outlined in table format under section (h) below as requested by the Court.

In addition, the parties believe a stipulated protective order regarding confidentiality will be necessary and will attempt to reach agreement on the details of such order for submission to the Court.

(e) **Description Of Any Issues Which May Be Resolved By Motions For Summary Judgment**

All parties anticipate filing motions for summary judgment or partial summary adjudication after adequate discovery has been completed.

**(f)   Brief Description Of Settlement Discussions To Date And Settlement Selection Pursuant To Local Rule 16**

The parties have actively discussed resolving the case and have agreed to mediate the case within the next 60 days.

The parties agree to Settlement Procedure No. 3 (participate in a non-judicial dispute resolution proceeding) as set forth in Local Rule 16-15.4 as an appropriate mandatory settlement procedure.

**(g)   Estimate For Trial And Whether By Jury Or Court**

The parties preliminarily estimate that 7 to 10 days will be required for trial by jury.

**(h)   Proposed Dates**

The following portion of the pretrial schedule was agreed to by the parties:

| | |
|---|---|
| Fact Discovery to Close | March 1, 2009 |
| Disclosure of Experts | March 15, 2009 |
| Disclosure of Rebuttal Expert Testimony | April 2, 2009 |
| Expert Discovery to Close | June 12, 2009 |
| Motion Filing Cut-off | July 20, 2009 |
| Motion Hearing Cut Off | August 3, 2009 |
| Pretrial Conference | September 14, 2009 |
| Trial | October 13, 2009 |

**(i)   Other Matters Affecting Status Of Case**

No other matters affecting the status of the case are known to the parties at

this time.

    (j)    **ERISA cases**

Not applicable.

    (k)    **Patent cases**

Not applicable.

    (l)    **Consent To Magistrate Judge**

At this time the parties do not consent to a Magistrate Judge presiding over this case.

Finally, per L.R. 26-1, the parties state that they do not believe this is a complex case.

DATED: August 29, 2008    Respectfully submitted,

By _____
David J. Steele
Howard A. Kroll
CHRISTIE, PARKER & HALE, LLP

Attorneys for Plaintiffs/
Counterclaim-Defendants
VERIZON CALIFORNIA, INC.
VERIZON TRADEMARK SERVICES INC.
VERIZON LICENSING COMPANY

DATED: August 29, 2008    By _____
Brett E. Lewis
LEWIS & HAND, LLP

Attorneys for Defendants/
Counterclaim-Plaintiffs
NAVIGATION CATALYST
  SYSTEMS, INC.
BASIC FUSION, INC.

HAK IRV1115160.1-*-08/29/08 10:17 AM